UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MILTON SOLEEN GOMEZ,

     *Petitioner,*

v.                              Case No. 3:25-cv-1534-JEP-SJH

KRISTI NOEM, et al.,

     *Respondents.*

_____/

## <u>ORDER</u>

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed an emergency petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, release from custody or a bond hearing in accordance with 8 U.S.C. § 1226(a). (Docs. 1, 7[1]). Petitioner alleges that: he is a citizen of El Salvador who entered the United States without inspection or parole over twenty years ago; he was unlawfully "detained on or about October 2, 2025[,] pursuant to a questionable traffic stop"; and ICE placed him in removal proceedings. (Doc. 1 at 2, 7; Doc. 7 at 1–2). Petitioner contends that his detention without an individualized

---

[1] After filing the petition, Petitioner filed a notice of errata correcting "inadvertent typographical and factual errors" in paragraph 2 of the petition. (Doc. 7 at 1).

bond hearing violates his substantive and procedural due process protections of the Fifth Amendment to the United States Constitution; and the application of 8 U.S.C. § 1225(b)(2) to him and denial of a bond hearing violates the Immigration and Nationality Act ("INA") and the Administrative Procedure Act ("APA"). (Doc. 1 at 8–10). At the heart of this case is Petitioner's contention that his detention is governed by 8 U.S.C. § 1226(a)—not § 1225(b)(2)(A). (*See* Doc. 1 at 8–10).

The Federal Respondents (Garrett Ripa, Pamela Bondi, Todd M. Lyons, and Kristi Noem) filed a response, arguing that the Court lacks jurisdiction to entertain the petition, Petitioner failed to exhaust his administrative remedies,[2] and in any event, the petition lacks merit because Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2). (Doc. 10).

Petitioner filed a reply countering the Federal Respondents' arguments. (Doc. 11). As to the merits, Petitioner argues that an individual, like himself, "who has lived in the United States for more than twenty years and was arrested following a traffic stop[,] is not an arriving alien 'seeking admission'

---

[2] The Court need not address the exhaustion issue because the petition is due to be denied. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) ("[B]ecause exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question."). Notably, an immigration judge denied Petitioner's request for a custody redetermination on February 3, 2026. (Doc. 12-5).

at the border" and thus, "his detention is governed by § 1226(a)[.]" (Doc. 11 at 5). Petitioner also filed a motion to supplement, which the Court granted to the extent that it would consider Petitioner's supplemental exhibits, to the extent appropriate, when ruling on the merits of the petition. (Docs. 12, 13). The Court also directed the Federal Respondents to file a supplemental response, which they did on March 16, 2026. (Doc. 14).

In an order issued on January 26, 2026, this Court addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, --- F. Supp. 3d ---, 2026 WL 261938 (M.D. Fla. Jan. 26, 2026); *see also Costa v. Noem*, No. 3:25-cv-1384-JEP-MCR, 2026 WL 456771, at *1 (M.D. Fla. Feb. 18, 2026).[3] As did the petitioner in *Diaz Lopez*, Petitioner claims that his detention without a bond hearing violates the INA and the Due Process Clause of the Fifth Amendment to the United States

---

[3] The warrant to arrest Petitioner (Doc. 12-2) does not alter his classification as an applicant for admission and his corresponding placement in section 1225(b)(2)(A) detention. *See, e.g.*, *Costa*, 2026 WL 456771, at *2 (explaining that although petitioner was not detained after his prior encounter with U.S. Border Patrol, "his status is no different than the petitioner's in *Diaz Lopez* for purposes of considering whether § 1225(b)(2)(A) or § 1226(a) applies to his detention").

Constitution. (*See* Doc. 1 at 8–10).[4] To the extent that Petitioner's claims and arguments are the same as those addressed in *Diaz Lopez*, for the reasons stated in that order, this Court concludes that § 1225(b)(2)(A) governs Petitioner's detention. *See generally Diaz Lopez*, 2026 WL 261938; *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026) (likewise holding that § 1225(b)(2)(A) mandates detention of aliens who are present in the United States without having been admitted).[5] Indeed, his status is no different than the petitioner's in *Diaz Lopez* for purposes of considering whether § 1225(b)(2)(A) or § 1226(a) applies to his detention: he is a noncitizen who has been living in the country for some time without having been admitted, and he has been detained for his removal proceedings. As such, for

---

[4] To the extent Petitioner also raises a claim under the APA, the Court finds the writ of habeas corpus provides an adequate remedy; thus, "habeas corpus, not the APA, is the proper vehicle here." *Trump v. J.G.C.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring).

[5] This Court has kept apprised of emerging federal court rulings on this issue, but in the absence of a ruling from the Supreme Court or the Eleventh Circuit, and for the reasons set forth in *Diaz Lopez*, 2026 WL 261938, at *7–12, this Court rejects Petitioner's interpretation of the INA. Moreover, while numerous district courts have addressed the statutory interpretation question that Petitioner presents, only two courts of appeals—the Fifth and Eighth Circuits—have squarely done so. And in their opinions, those courts of appeals gave the same answer that this Court did in *Diaz Lopez*. *See Avila v. Bondi*, --- F.4th ----, No. 25-3248, 2026 WL 819258, at *1–6 (8th Cir. Mar. 25, 2026); *Buenrostro-Mendez*, 166 F.4th at 498–508; *but see Castanon-Nava v. DHS*, 161 F.4th 1048, 1062 (7th Cir. 2025) (preliminarily determining the Government was not likely to prevail on its argument). The undersigned deems highly persuasive the Fifth and Eighth Circuits' dispassionate, carefully reasoned, and thorough analyses, which the courts judiciously confined to the statutory text, structure, and context, without discussion of extraneous considerations. *See generally Avila v. Bondi*, 2026 WL 819258, at *1–6; *Buenrostro-Mendez*, 166 F.4th at 498–508.

the reasons stated in *Diaz Lopez*, Petitioner is lawfully detained under § 1225(b)(2)(A) and his claims fail. *See Diaz Lopez*, 2026 WL 261938; *see also Buenrostro-Mendez*, 166 F.4th at 502-08.

Therefore, it is **ORDERED**:

1. The emergency petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**.

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on April 8, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

5